**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOSE LUIS SANCHEZ, | : | |
| Petitioner, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-760 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | MAY 20, 2014 |
| Respondent. | : | |

**RULING RE: PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1)**

Petitioner Jose Luis Sanchez moves to vacate, set aside, or correct his sentence pursuant to section 2255 of title 28 of the United States Code. For the reasons below, Sanchez's Motion (Doc. No. 1) is **DENIED**.

## I.    BACKGROUND

In June 2009, Sanchez was indicted with twenty-eight others as part of a larger narcotics trafficking conspiracy. The Second Superseding Indictment, which was returned by a federal grand jury in July 2009, charged him with two counts of conspiracy with intent to distribute, respectively, five kilograms or more of cocaine (Count One) and fifty grams or more of cocaine base (Count Two), each count in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846, as well as possession of a firearm by a convicted felon (Count Ten), in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). United States v. Sanchez et al., No. 3:9-CR-23-JCH-2, Second Superseding Indictment (Doc. No. 706) ¶¶ 1-2, 5-6, 14.

In November 2009, Sanchez pled guilty to Count One. Id., Plea Agreement (Doc. No. 1059) at 1. The parties stipulated to a guideline range of 151 to 188 months. Id. at 4. Under the terms of his Plea Agreement, Sanchez waived the right to appeal or

otherwise collaterally attack the sentence imposed by this court, provided that his sentence did not exceed 188 months.  Id. at 5.

On April 5, 2010, the court sentenced Sanchez to 150 months in prison.  The court departed downward based on its finding that a Criminal History Category ("CHC") IV significantly over-represented the seriousness of Sanchez's criminal history and that a CHC III was more appropriate.  Judgment was entered against Sanchez in April 2010. No appeal was taken.  In May 2013, over three years later, Sanchez filed the instant Motion.

## II.    STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  Ciak v. United States, 59 F.3d 296, 301 (2d Cir.1995), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002).  "[C]ollateral attack on a final judgment in a criminal case is generally available under [section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice."  Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (citation and internal quotation marks omitted).

In a section 2255 motion, the burden is on the petitioner to prove by preponderance of the evidence his entitlement to relief.  See Napoli v. United States, 45 F.3d 680, 683 (2d Cir. 1995); Gotti v. United States, 622 F. Supp. 2d 87, 91 (S.D.N.Y. 2009).  The general rule that a court must construe pro se litigants' pleadings liberally

"to raise the strongest arguments that they suggest" applies equally in the context of section 2255 motions.  Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).

In deciding a section 2255 motion, the court must hold a hearing, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  However, a petitioner is not automatically entitled to a hearing, and no hearing is required where a petitioner's "allegations are 'vague, conclusory, or palpably incredible.'"  Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)); see also United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987) ("Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing.").  "The procedure for determining whether a hearing is necessary is in part analogous to, but in part different from, a summary judgment proceeding."  Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

"To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief."  Gonzalez, 722 F.3d at 131.  For ineffective assistance of counsel claims, the threshold evaluation in determining the necessity for a hearing is whether the petitioner's claim is "plausible," not whether that claim "will necessarily succeed."  Puglisi, 586 F.3d at 213.

## III.    DISCUSSION

Sanchez moves the court to vacate, modify, or correct his sentence on two grounds.  First, he challenges the court's determination of the CHC used in calculating

his sentencing guideline range.[1]  Second, he argues that his lawyer, Attorney Jacobs, rendered ineffective assistance in failing to file a notice of appeal.

Before addressing these grounds, however, the court must address whether Sanchez validly waived his right to collaterally attack his sentence and, thus, is precluded from maintaining the present action for relief under section 2255.  Tellado v. United States, 745 F.3d 48, 53 (2d Cir. 2014).  Having identified this issue as potentially dispositive of the case, the court ordered both sides to show cause why Sanchez's Motion should not be denied based on his waiver.   See Order to Show Cause (Doc. No. 18).  Having reviewed the parties' submissions in response, see Doc. Nos. 19 & 22, the court now concludes that Sanchez's waiver is valid and enforceable and, accordingly, denies his Motion without reaching the merits.

A criminal defendant may waive his right to appeal or collaterally attack his sentence pursuant to a plea agreement negotiated with the government.  Tellado, 745 F.3d at 53.  The Second Circuit has repeatedly upheld the validity of such waivers, where the record clearly demonstrates that they were made knowingly, voluntarily, and competently.  United States v. Coston, 737 F.3d 235, 237 (2d Cir. 2013).  Under this Circuit's precedents, a waiver is presumptively enforceable, id., and will not be enforced only in limited circumstances, such as where it violates certain fundamental rights, id. or where the government breached the terms of the plea agreement, United States v.

---

[1] It bears emphasizing that, although Sanchez refers to enhancements based on his prior criminal history, no such enhancement applied to him.  The only guideline enhancement was due to his possession of a firearm during the instant offense.  U.S.S.G. § 2D1.1(b)(1).  As already noted, the court expressly departed downward, because it found that Sanchez's CHC significantly over-represented the seriousness of his criminal history.

Nevertheless, because the court construes pro se filings liberally, the court interprets Sanchez's claim as, in effect, a claim that the guideline range adopted by the court (from which the court ultimately departed) was erroneous due to errors in computing Sanchez's criminal history points.

<u>Rosa</u>, 123 F.3d 94, 98 (2d Cir. 1997).  <u>See</u> <u>also</u> <u>United States v. Buissereth</u>, 638 F.3d

114, 118 (2d Cir. 2011) (describing other exceptions).  Absent an applicable exception,

a waiver will generally bar review of other meaningful errors.  <u>Coston</u>, 737 F.3d at 237

(citing <u>United States v. Riggi</u>, 649 F.3d 143, 147 (2d Cir. 2011)).  The Second Circuit

has repeatedly recognized the benefits of upholding such waivers both to defendants, in

terms of limiting their exposure at sentencing, and to the government, in terms of saving

resources and achieving finality.  <u>See</u> <u>Garcia-Santos v. United States</u>, 273 F.3d 506,

509 (2d Cir. 2001); <u>United States v. Rosa</u>, 123 F.3d 94, 97 (2d Cir. 1997).

> The Plea Agreement states, in pertinent part:
>
> It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 188 months, a life term of supervised release, and a fine of $4 million, even if the Court imposes such a sentence based on an analysis different from that specified [in this agreement].

Plea Agreement at 5.

Rule 11 requires that the court, before accepting a defendant's plea of guilty,

advise him of any provision of a plea agreement "waiving the right to appeal or to

collaterally attack the sentence" and determine that he understands such provision.

Fed. R. Crim. P. 11(b)(1)(N).  The court conducted a thorough canvass of Sanchez

consistent with Rule 11 and found that he was knowingly and voluntarily entering into

the Plea Agreement, that he was fully competent to enter an informed plea, and that he

understood the nature and consequences of what he was doing by pleading guilty.

There is no evidence in the record of coercion, incompetence, or any lack of

understanding on Sanchez's part of his legal and constitutional rights, including those

that he would be giving up by pleading guilty.

In particular, the court recalls canvassing Sanchez on his right to appeal or collaterally attack his sentence and advising him that the Plea Agreement included a waiver of this right, if the term of imprisonment imposed was not greater than 188 months. Having reviewed its notes from the proceeding and the unedited transcript, the court has confirmed this recollection. The court expressly advised Sanchez that he would be giving up his right to challenge the court's sentence by appeal or in any other proceeding if the sentence was no more than 188 months. In connection with its canvass of Sanchez as to these rights that he would be giving up if he chose to plead guilty, the court also determined that he had read and understood the applicable provision of the Plea Agreement. Based on the court's canvass of Sanchez at his change of plea, his waiver of his right to appeal or collaterally attack his sentence was knowing and voluntary.

Sanchez argues, however, that his waiver is unenforceable because it was the result of ineffective assistance of counsel. "[A] waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). A plea is not valid where it is based on violations of the defendant's Sixth Amendment right to counsel. See United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004); United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001). Hence, a waiver will not prevent the court from reviewing allegations of ineffective assistance in connection with the defendant's decision to enter into the plea agreement. Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008). Such allegations are subject to the well-established test under the Supreme Court's

decision in Strickland v. Washington, 466 U.S. 668 (1984), which requires the defendant

to show both deficient performance by his counsel and prejudice to him as a result, id.

at 687.

The Second Circuit has described this burden as "a heavy one because, at the

first step of analysis, [a court] must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance." Harrington v. United

States, 689 F.3d 124, 129 (2d Cir. 2012) (citations and internal quotation marks

omitted).  "The determinative question at this step is not whether counsel 'deviated from

best practices or most common custom,' but whether 'his representation amounted to

incompetence under prevailing professional norms.'"  Id. at 129-30 (quoting Harrington

v. Richter, 131 S. Ct. 770, 788 (2011)).  To show the requisite prejudice, at the second

step, a petitioner must show "a reasonable probability that his reliance on counsel's

ineffective assistance affected the outcome of the proceedings." Pham v. United

States, 317 F.3d 178, 182 (2d Cir. 2003).  "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Turning to Sanchez's claim that his plea was the product of counsel's ineffective

assistance, the court concludes that this claim lacks plausibility and, therefore, does not

warrant an evidentiary hearing.  Puglisi, 586 F.3d at 213.  Sanchez alleges no facts

which, if true, would entitle him to relief from enforcement of the waiver.  This ineffective

assistance claim, albeit first raised in response to the court's Order to Show Cause, is a

repackaged version of his claim in his Motion that the court erred in calculating his CHC.

Read in the light most favorable to Sanchez, the claim is, in substance, that his plea

was not knowingly made because he had false information.  That is, at the time of his

change of plea, Sanchez relied on counsel's allegedly erroneous view—shared by the government and later adopted by the court at sentencing—that the applicable guideline range was 151 to 188 months, based on a CHC IV.

Similar reasoning was rejected by the Second Circuit in United States v. Roque, 421 F.3d 118 (2d Cir. 2005). The petitioner in Roque argued that "his mistaken belief, shared by the government and the District Court, that the Guidelines were mandatory rather than advisory, limited his capacity to freely and intelligently enter into the bargain and voids the agreement for mutual mistake." Id. at 122. The Circuit rejected both arguments. Id. This court likewise rejects Sanchez's reasoning here.

Even assuming error, the court has no factual allegations before it from which it could reasonably infer that counsel's failure to identify the erroneous CHC was objectively deficient under the circumstances or that Sanchez was prejudiced as a result. Although the Guideline Stipulation in the Plea Agreement assumes a CHC IV, the parties reserved the right to recalculate the CHC. Plea Agreement at 4. In no way, then, did Sanchez's plea foreclose his ability to make the same arguments raised in this Motion at his sentencing. Furthermore, as the Plea Agreement explicitly states, id., and as the court advised Sanchez at length at his change of plea, the court was not bound in sentencing him by the parties' stipulation or the Guidelines. In fact, despite arriving at the same range of 151 to 188 months, the court departed based on its determination that a CHC IV significantly over-represented the seriousness of Sanchez's criminal history.

In sum, the claim that counsel rendered ineffective assistance in connection with Sanchez's plea has no plausible basis. The record clearly demonstrates that Sanchez

effected a knowing and voluntary waiver when he pled guilty under the terms of the Plea Agreement. Absent grounds to void that waiver, the court need not, and does not, reach the merits of this Motion.

## IV.    CONCLUSION

For the reasons set forth above, the court **DENIES** Sanchez's Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1). Because Sanchez has not made a "substantial showing" of denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The clerk is hereby directed to close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 20th day of May, 2014.

_____
Janet C. Hall
United States District Judge