UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE LUIS SANCHEZ,<br>Petitioner, | : : : : | CIVIL ACTION NO.<br>3:13-CV-760 (JCH) |
| v. | : : | |
| UNITED STATES OF AMERICA,<br>Respondent. | : : : : | JULY 1, 2014 |

**RULING RE: PETITIONER'S MOTION (Doc. No. 26) FOR RECONSIDERATION OF THE COURT'S MAY 20, 2014 RULING (Doc. No. 23) DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. No. 1) AND FOR CERTIFICATE OF APPEALABILITY**

Petitioner Jose Luis Sanchez, litigating this action pro se, moves this court to reconsider its ruling of May 20, 2014 ("the May 2014 Ruling") (Doc. No. 23) denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("the 2255 Motion") (Doc. No. 1) and declining to issue a certificate of appealability.  In the May 2014 Ruling, this court denied the 2255 Motion because the petitioner stated no plausible claim for ineffective assistance of counsel and he waived his right to attack his sentence collaterally.  It also held that, because the petitioner had not made a substantial showing of denial of a constitutional right, no certificate of appealability would issue.

The standard of review applied to a motion for reconsideration is strict; such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A court should not grant a motion for reconsideration where the moving party seeks only to relitigate an issue already decided.  See id.  In

1

general, granting a motion for reconsideration is only justified if there is "'an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.'"  See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).

The plaintiff has not pointed to any controlling law or to any facts that the court overlooked in the March 2014 Ruling.  He has not established that the Ruling constituted clear error, and he has not shown that granting the present Motion is necessary to prevent manifest injustice.  Instead, the plaintiff's Motion relitigates issues already addressed by this court.

Likewise, the court has already considered the issuance of a certificate of appealability and declined to do so.  Nothing that the petitioner has brought forth in his Motion for Reconsideration serves as a basis to issue the certificate.

For the foregoing reasons, the plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut this 1st day of July, 2014.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge